**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

Case No. 1:15-cv-21319-KMM

ANDRES LUGO,

        *Plaintiff,*

v.

CARNIVAL CORPORATION,

        *Defendant.*

_____/

## ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

THIS CAUSE came before the Court upon Defendant Carnival Corporation's ("Carnival") Motion for Summary Judgment (ECF No. 53). Plaintiff Andres Lugo filed a Response in Opposition to Plaintiff's Motion (ECF No. 56), and Carnival filed a Reply (ECF No. 59). The Motion is now ripe for review. For the reasons set forth below, Carnival's Motion for Summary Judgment is GRANTED.

## I.      BACKGROUND

As a threshold matter, the Court notes that Plaintiff's Response (ECF No. 56) fails to comply with Local Rule 56.1(a) as it does not contain a statement of material facts corresponding with the order and paragraph numbering scheme used by Carnival in its Statement of Material Facts.[1] *See* S.D. Fla. L.R. 56.1(a). Local Rule 56.1(a) also requires that both a motion for summary judgment and the opposition thereto must be accompanied by a statement of material

---

[1] Plaintiff's status as a *pro se* litigant does not excuse him from conforming to Local Rules or the Federal Rules of Civil Procedure. *See Loren v. Sasser*, 309 F.3d 1296, 1304 (11th Cir. 2002) ("Despite construction leniency afforded to *pro se* litigants, we nevertheless have required them to conform to procedural rules."); *Moon v. Newsome,* 863 F.2d 835, 837 (11th Cir. 1989) (noting that a *pro se* litigant "is subject to the relevant law and rules of court including the Federal Rules of Civil Procedure"). This is not the Court's first time reminding Plaintiff of his need to adhere to applicable rules and procedures. *See* Order (ECF No. 42).

facts that is "supported by specific references to pleadings, depositions, answers to interrogatories, admissions, and affidavits on file with the Court." S.D. Fla. L.R. 56.1(a)(2). Plaintiff's Response does not meet this requirement either as it lacks any citations to the record to support his opposition to summary judgment. Instead, Plaintiff's two-page Response is replete with conclusory and self-serving declarations that are offered in an attempt to create a genuine issue of material fact. Unfortunately for Plaintiff, such declarations lack any probative value and are insufficient as a matter of law. *Gordon v. Terry*, 684 F.2d 736, 744 (11th Cir. 1982); *see also Hilburn v. Murata Elects. N. Am., Inc.*, 181 F.3d 1220, 1227–28 (11th Cir. 1999) (noting that a "conclusory statement is insufficient to create a genuine issue of a material fact").

The Local Rules further provide that when a plaintiff fails to controvert a defendant's statement of facts, the facts alleged by the defendant are deemed admitted to the extent they are supported by the record. S.D. Fla. L.R. 56.1(b). Here, Plaintiff's failure to comply with the Local Rules essentially leaves the Court with "the functional analog of an unopposed motion for summary judgment." *Reese v. Herbert*, 527 F.3d 1253, 1268 (11th Cir. 2008). Although Carnival's submitted facts are deemed admitted, this "[C]ourt must still review the movant's citations to the record to determine if there is, indeed, no genuine issue of material fact." *Mann v. Taser Int'l, Inc.*, 588 F.3d 1291, 1303 (11th Cir. 2009); *see also United States v. One Piece of Real Prop. Located at 5800 SW 74th Ave., Miami, Fla.*, 363 F.3d 1099, 1101–02 (11th Cir. 2004) ("At the least, the district court must review all of the evidentiary materials submitted in support of the motion for summary judgment."). "This requirement provides the Court an opportunity to address the merits of the motion." *State Farm Mut. Auto. Ins. Co. & State Farm Fire & Cas. Co. v. B&A Diagnostic, Inc.*, No. 14-CV-24387-KMM, 2015 WL 7272738, at *2 (S.D. Fla. Nov. 16, 2015).

With this framework in mind, the following facts are undisputed and supported by the record before this Court.[2]

On February 26, 2015, Plaintiff, his wife, and their two minor children, departed on a four-day roundtrip cruise from Miami aboard the Carnival *Victory*.  For the duration of the trip, Plaintiff and his family were assigned to a cabin with three beds: two single bunk beds against the cabin wall and a larger bed on the floor under one of the bunk beds.  There were two bunk bed ladders of equal height provided in the cabin, of which the family only used one.  Plaintiff's two children moved the ladder between the bunk beds each night and demonstrated no difficulty in using the ladder to climb into bed.

On the last night of the cruise, Plaintiff and his family went to dinner.  At some point in the evening, Plaintiff's children returned to the cabin where they remained for the rest of the evening.  Plaintiff and his wife remained out with a group of friends and returned to the cabin between 1:30 and 2:00 a.m.  Upon returning to the cabin, Plaintiff decided to sleep on his son's bunk bed because he saw his son had fallen asleep in the larger bed on the floor.  Prior to going to sleep, Plaintiff placed an order for a 6:30 a.m. wake up call.  Shortly thereafter, Plaintiff climbed the ladder that was attached to the bunk bed without any difficulty and went to sleep.[3]

That morning, the telephone rang at 6:30 a.m. with Plaintiff's requested wake up call. Plaintiff exited the bunk bed via the ladder without turning on any lights so as not to disturb his family while answering the call.  Plaintiff descended the ladder in a sitting position and when he felt something soft with his heel he let go of the handrails and stepped forward believing that he

---

[2]   The facts are taken from Carnival's Statement of Undisputed Material Facts, which is incorporated into its Motion for Summary Judgment (ECF No. 53), and a review of the corresponding record citations and submitted exhibits.

[3]   Notably, Plaintiff testified in his deposition that the ladder hooks were well secured onto the bed bunk frame and the ladder did not shake or wobble as he went up.  Lugo Dep. 133:9-16 (ECF No. 53-1).

had reached the floor.  Lugo Dep. at pp. 134-37 (ECF No. 53-1).  Plaintiff fell forward face down and believes that he lost consciousness.  After his fall, Plaintiff and his family remained in the cabin for some time.  Eventually, Plaintiff went to the security office and was referred to medical services where he was diagnosed with a fractured rib.

On April 6, 2015, Plaintiff filed a one-count Complaint (ECF No. 1) alleging a negligence claim against Carnival for, *inter alia*, (1) failing to remedy hazardous conditions, (2) failing to warn of hazardous conditions, and (3) failing to properly train, supervise and retain its crew to avoid such hazards.  Compl. ¶ 13.  Carnival now moves for summary judgment.

## II.     LEGAL STANDARD

Summary judgment is appropriate where there is "no genuine issue as to any material fact [such] that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *see also* Fed R. Civ. P. 56.  A genuine issue of material fact exists when "a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).  Additionally, speculation or conjecture cannot create a genuine issue of material fact.  *Cordoba v. Dillard's, Inc.*, 419 F.3d 1169, 1181 (11th Cir. 2005).

The moving party has the initial burden of showing the absence of a genuine issue as to any material fact.  *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991).  In assessing whether the moving party has met this burden, the court must view the movant's evidence and all factual inferences arising from it in the light most favorable to the non-moving party.  *Denney v. City of Albany*, 247 F.3d 1172, 1181 (11th Cir. 2001).  Once the moving party satisfies its initial burden, the burden shifts to the non-moving party to come forward with evidence showing a genuine issue of material fact that precludes summary judgment.  *Bailey v. Allgas, Inc.*, 284 F.3d 1237, 1243 (11th Cir. 2002); *see also* Fed. R. Civ. P. 56(e).  "If reasonable minds could differ on

4

the inferences arising from undisputed facts, then a court should deny summary judgment."
*Miranda v. B & B Cash Grocery Store, Inc.*, 975 F.2d 1518, 1534 (11th Cir. 1992).  But if the
record, taken as a whole, cannot lead a rational trier of fact to find for the non-moving party,
there is no genuine issue for trial, and summary judgment is proper.  *Matsushita Elec. Indus. Co.
v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

## III.   DISCUSSION

Carnival asserts that it is entitled to summary judgment because the dangerous condition
complained of by Plaintiff—a bunk bed ladder that did not reach the floor—was open and
obvious and, therefore, Carnival had no duty to warn of its existence.  Alternatively, Carnival
argues it is entitled to summary judgment as there is no evidence of its prior actual or
constructive notice of the alleged dangerous condition.  In response, Plaintiff argues that the
"pleadings, affidavits and exhibits presented by [Carnival] do not show all the material facts that
caused the accident."  *See* Pl.'s Resp. (ECF No. 56).

Based on the undisputed record evidence, the Court reasons that no rational trier of fact
could find that Carnival had a duty to warn Plaintiff of an allegedly dangerous condition.
Accordingly, because there is no genuine issue as to any material fact, Carnival is entitled to
summary judgment on Plaintiff's negligence claim.

### A.   <u>Applicable Law</u>

"Claims arising from alleged tort actions aboard ships sailing in navigable waters are
governed by general maritime law."  *Luther v. Carnival Corp.*, 99 F. Supp. 3d 1368, 1370 (S.D.
Fla. 2015) (citing *Keefe v. Bahama Cruise Line, Inc.*, 867 F.2d 1318, 1320 (11th Cir. 1989)).  In
analyzing a maritime tort case, courts "rely on general principles of negligence law."  *Chaparro
v. Carnival Corp.*, 693 F.3d 1333, 1336 (11th Cir. 2012) (citation omitted).  Cruise ship
operators are not an all-purpose insurer of a passenger's safety.  *Kornberg v. Carnival Cruise*

*Lines, Inc.*, 741 F.2d 1332, 1334 (11th Cir. 1984); *Weiner v. Carnival Cruise Lines*, No. 11-CV-22516, 2012 WL 5199604, at *2 (S.D. Fla. Oct. 22, 2012) ("A carrier by sea does not serve as an insurer to its passengers; it is liable only for its negligence.").

To establish a negligence claim, "a plaintiff must allege that (1) the defendant had a duty to protect the plaintiff from a particular injury; (2) the defendant breached that duty; (3) the breach actually and proximately caused the plaintiff's injury; and (4) the plaintiff suffered actual harm." *Chaparro*, 693 F.3d at 1336. The failure to show sufficient evidence of each element is fatal to a plaintiff's negligence cause of action. *Isbell v. Carnival Corp.*, 462 F. Supp. 2d 1232, 1237 (S.D. Fla. 2006) ("Each element is essential to Plaintiff's negligence claim and Plaintiff cannot rest on the allegations of [the] complaint in making a sufficient showing on each element for the purposes of defeating summary judgment.").

It is well established that a cruise ship operator owes its passengers "the duty of exercising reasonable care under the circumstances of each case." *Torres v. Carnival Corp.*, No. 14-13721, 2015 WL 7351676, at *5 (11th Cir. Nov. 20, 2015) (quoting *Kermarec v. Compagnie Generale Transatlantique*, 358 U.S. 625, 632 (1959)). This standard of care "requires, as a prerequisite to imposing liability, that the carrier have had actual or constructive notice of the risk-creating condition." *Keefe*, 867 F.2d at 1322. Further, a cruise ship operator's duty of reasonable care "includes a duty to warn passengers of dangers of which the carrier knows or should know, but which may not be apparent to a reasonable passenger." *Poole v. Carnival Corp.*, No. 14-20237-CIV, 2015 WL 1566415, at *5 (S.D. Fla. Apr. 8, 2015).

However, there is no requirement to warn of dangers that are open and obvious. *Smith v. Royal Caribbean Cruises, Ltd.*, 620 F. App'x 727, 730 (11th Cir. 2015); *Smolnikar v. Royal Caribbean Cruises Ltd.*, 787 F. Supp. 2d 1308, 1322 (S.D. Fla. 2011). "Open and obvious

conditions are those that should be obvious by the ordinary use of one's senses." *Lancaster v. Carnival Corp.*, 85 F. Supp. 3d 1341, 1344 (S.D. Fla. 2015). Whether a danger is open and obvious is determined from an objective, not subjective, point of view. *Flaherty v. Royal Caribbean Cruises, Ltd.*, No. 15-22295, 2015 WL 8227674, at *3 (S.D. Fla. Dec. 7, 2015) (internal quotation and citation omitted); *John Morrell & Co. v. Royal Caribbean Cruises, Ltd.*, 534 F. Supp. 2d 1345, 1351 (S.D. Fla. 2008) ("Individual subjective perceptions of the injured party are irrelevant in the determination of whether a duty to warn existed.")

### B.   Carnival Had No Duty to Warn of an Open and Obvious Condition

Plaintiff's negligence claim must fail as a matter of law. As previously stated, courts widely recognize that there is no duty to warn of dangers that are open and obvious. *Smith*, 620 F. App'x at 730; *Lancaster*, 85 F. Supp. 3d at 1344; *Cohen v. Carnival Corp.*, 945 F. Supp. 2d 1351, 1357 (S.D. Fla. 2013). As in *Lancaster*, this Court finds that Plaintiff failed to show that Carnival had a duty to warn of a risk-creating condition. *See Lancaster*, 85 F. Supp. 3d at 1344-45 (finding that defendant cruise line "had no duty to warn Plaintiff of the luggage he allegedly tripped over" when the fact that the piece of luggage was lying on the ground was "discernible through common sense and the ordinary use of eyesight").

In this case, any danger posed by descending a bunk bed ladder that did not reach the floor of the cabin was open and obvious to Plaintiff. To begin with, Plaintiff and his family remained in the same cabin, with the same bunk bed ladders, for the entire duration of their cruise. Plaintiff's children used the bunk bed ladder without incident for four days and three nights prior to his accident. On the night of his accident, Plaintiff also used the bunk bed ladder to ascend into bed without incident. Although Plaintiff claims he did not realize the ladder did not reach the floor until after his accident due to his inattention, his subjective observations are irrelevant in determining whether a duty to warn existed. *See Flaherty*, 2015 WL 8227674 at *3;

*John Morrell*, 534 F. Supp. 2d at 1351.  The fact the bunk bed ladder did not extend to the floor is open and obvious to any reasonably prudent person through the exercise of common sense and the ordinary use of their eyesight.  As such, there remains no genuine issue of material fact as to the claim that Carnival breached its duty to warn.

## IV.   CONCLUSION

Although Plaintiff's injuries are unfortunate, "liability cannot rest on sympathy alone."[4] *Weiner*, 2012 WL 5199604 at *6.  Carnival does not serve as "the insurer of the safety of the passengers," *Cohen*, 954 F. Supp. 2d at 1356, and "does not become liable merely because an accident occurs," *Thomas v. NCL (Bahamas) Ltd*., No. 13-24682-CIV, 2014 WL 3919914, at *5 (S.D. Fla. Aug. 11, 2014).  Accordingly, Carnival owed no duty, as a matter of law, to warn Plaintiff of risks associated with an open and obvious danger.[5]

For the foregoing reasons, it is hereby ORDERED AND ADJUDGED that Carnival's Motion for Summary Judgment is GRANTED.  All other pending motions are DENIED AS MOOT.  The Clerk of Court is instructed to CLOSE this case.

DONE AND ORDERED in Chambers at Miami, Florida, this  31st  day of December, 2015.

*K. M. Moore*
_____
K. MICHAEL MOORE
CHIEF UNITED STATES DISTRICT JUDGE

cc:    All counsel of record

---

[4]  Although the Court is sympathetic to Plaintiff, his repeated updates to the Court regarding his injuries and capacity to work do not compel the Court to find Carnival liable.  *See* (ECF Nos. 21,31,55).

[5]  Even if the Court had not determined that the alleged dangerous condition was open and obvious, Carnival is still entitled to summary judgment given that there is no evidence of its prior actual or constructive notice of the alleged dangerous condition.  *See Keefe*, 867 F.2d at 1322.